ROTHENBERG, J.
Christopher S. Mack (“Christopher”), Charles T. Mack (“Chuck”), and Kathleen Mack (“Kathleen”) (collectively, “Plaintiffs”) appeal from a final order dismissing their three count complaint filed against *1170 their sister, M. Maureen Polsby, M.D. (“Dr.Polsby”). We reverse.
This appeal involves a dispute between four adult siblings as to the Charles C. Mack Revocable Trust (“Trust”), which was created and funded in early 2010 while the siblings’ father, Charles C. Mack (“Mr. Mack”), was in a coma after suffering a massive stroke. This dispute pits Dr. Polsby, the trustee of the Trust and a beneficiary under the Trust, against Dr. Polsby’s three siblings, Christopher, Chuck, and Kathleen, who are also beneficiaries under the Trust.
The basic facts leading up to this dispute are as follows. Shortly after Mr. Mack suffered a massive stroke and went into a coma, Dr. Polsby filed a petition seeking to be appointed as Mr. Mack’s emergency temporary guardian, which was granted. On February 10, 2010, Dr. Pols-by, as temporary guardian, filed an Amended Petition to Create and Fund Revocable Trust and thereafter, on February 16, 2010, filed an Emergency Amended Petition to Create and Fund Revocable Trust (“Emergency Amended Petition to Create a Trust”), which notified the probate court that Mr. Mack was in critical condition and asserted that it was in the best interest of Mr. Mack and his heirs— the four siblings — to establish an estate plan for Mr. Mack through a revocable trust.[1] The Trust contains unusual language granting Dr. Polsby, as trustee, certain discretion to withhold distributions of income and principal to any of the beneficiaries for their “protection,” despite the fact that all four siblings are currently in their sixties and none of them seem to be incompetent or unable to care for themselves. For example, Dr. Polsby, as Trustee, has the discretion to suspend payments to her siblings/beneficiaries if she “reasonably believes” that a “beneficiary is incapable of caring for himself or herself or is likely to dissipate his or her financial resources.”
On February 16, 2010, Judge Norman Gerstein granted the Emergency Amended Petition to Create a Trust, authorizing Dr. Polsby to transfer Mr. Mack’s real property located in Michigan into the Trust. The following day, the Trust was created, naming Dr. Polsby as the trustee and the four siblings as equal beneficiaries, and within days, Mr. Mack’s Michigan property was transferred into the Trust. Dr. Polsby was subsequently appointed as Mr. Mack’s plenary guardian in March 2010. Mr. Mack eventually passed away in April 2010, and in July 2010, Christopher was appointed personal representative of Mr. Mack’s estate by a Michigan court.
Christopher, individually, as a beneficiary of the Trust, and as the personal representative of Mr. Mack’s estate, filed an action against Dr. Polsby, individually and as the trustee of the Trust, which complaint was later amended. Count I of the operative complaint sought a declaration that the Trust is invalid; Count II alleged a breach of fiduciary duty by Dr. Polsby, as trustee; and Gount III sought removal of Dr. Polsby as trustee of the Trust. A successor judge, Judge Lawrence A. Schwartz, presided over the complaint.
After filing an answer and affirmative defenses, Dr. Polsby moved for summary judgment, arguing, in part, that the request to invalidate the Trust “is a veiled attempt to have this Court review or reverse Judge Norman Gerstein’s prior order,” and that the trial court lacked jurisdiction to review a predecessor judge’s order or to invalidate the Trust created by Judge Gerstein. The Plaintiffs filed an *1171 opposition to Dr. Polsby’s motion for summary judgment.
Following a hearing, Judge Schwartz granted Dr. Polsby’s motion for summary judgment, ruling: “This Court has no jurisdiction to review a predecessor judge’s order or to invalidate the Trust created pursuant to orders of Judge Norman Ger-stein.” The Plaintiffs appealed that order, but this Court dismissed the appeal without prejudice to the rights of the parties to file a notice of appeal from a final order (Case No. 3D12-2327).
Thereafter, the Plaintiffs filed a motion for reconsideration of the order granting summary judgment in favor of Dr. Polsby and also sought entry of a final judgment. At this point, Judge Michael A. Genden was assigned to the Plaintiffs’ action. Judge Genden denied the Plaintiffs’ motion for reconsideration, and also entered an order dismissing the Plaintiffs’ complaint with prejudice, ruling: “[T]his Court has determined that it has no jurisdiction to review a predecessor Judge’s prior orders or to invalidate the Trust created pursuant to such orders.” The Plaintiffs’ timely appeal of the dismissal order followed.
The Plaintiffs contend that the trial court erred by dismissing their amended complaint with prejudice based on its finding that it has no jurisdiction. As the trial court has jurisdiction over all three counts, we agree with the Plaintiffs.
As to Count I (invalidation of the Trust), the allegations demonstrate that the trial court has jurisdiction. The complaint alleges that Dr. Polsby failed to serve the Amended Petition to Create a Trust or the Emergency Amended Petition to Create a Trust on the Plaintiffs, and that Dr. Polsby committed a fraud upon the court when she petitioned the probate court to create and fund a revocable trust. See Fla. R. Civ. P. 1.540(b) (allowing relief from a judgment procured by the opposing party’s fraud or if the judgment itself is void).
As to the remaining counts, Count II (breach of fiduciary duty) and Count III (removal of trustee), Dr. Polsby’s counsel properly conceded at oral argument that these counts are independent of, and occurred subsequent to, the creation of the Trust and, therefore, the trial court clearly has jurisdiction to address Counts II and III.
Accordingly, we reverse the final order dismissing the complaint and remand for further proceedings.
Reversed and remanded.

. Apparently, throughout his lifetime, Mr. Mack chose to never execute a will.